**In the Matter of Henry Hill EDELEN, Debtor.**

**Robert S. RUSSELL and Vivienne L. Russell, Plaintiffs,**

**v.**

**Henry Hill EDELEN and Gerald M. O'Donnell, Trustee, Defendants.**

**Bankruptcy No. 79–968–A.**

United States Bankruptcy Court, E.D. Virginia, Alexandria Division.

Oct. 26, 1983.

Donn E. Garvey, Alexandria, Va., for debtor.

Craig E. Baumann, Alexandria, Va., counsel for plaintiffs.

Gerald M. O'Donnell, Alexandria, Va., trustee.

## MEMORANDUM OPINION

MARTIN V.B. BOSTETTER, Jr., Bankruptcy Judge.

Plaintiffs herein filed a Complaint for Relief from Automatic Stay to enforce a judgment in their favor against the debtor. The debtor contends that the debt upon which the judgment is based is not a personal obligation but, rather, is a corporate debt of E*M*S, Incorporated, of which the debtor was an officer.

The debtor filed for relief under Chapter XIII of the Bankruptcy Act of 1898[1] on September 11, 1979, without listing the plaintiffs as creditors. Plaintiffs, accord-

ingly, received no notice of the bankruptcy and, apparently, also lacked actual notice of the bankruptcy filing. Subsequently, the plaintiffs obtained the judgment against the debtor which they now are seeking to enforce. The basis for the judgment is a note signed by the debtor on May 1, 1979.

The Court finds that although the document submitted to the Court and purporting to be the note at issue is written on corporate letterhead and is signed by the debtor in a corporate capacity, the weight of the evidence nevertheless indicates that the debt is personal. The two checks which funded the loan, copies of which also were submitted, were made payable to and were endorsed by "Henry Edelen", personally, not the corporation. In addition, the state court judgment, a certified copy of which was submitted to the Court, was rendered against the debtor personally. Accordingly, the Court finds that the debt owed to the plaintiffs is not a corporate debt but, rather, is a personal obligation of the debtor, Henry Hill Edelen.

The debtor having failed to list or schedule the plaintiffs' debt in his bankruptcy petition, and the plaintiffs having been without notice of the bankruptcy in time to permit them to file a proof of claim, the plaintiffs' debt cannot be discharged in the debtor's bankruptcy. *See,* Bankruptcy Act of 1898 § 17(a)(3), 11 U.S.C. § 35(a)(3) (repealed).

The debtor is currently making payments under a Chapter XIII plan approved by this Court. Accordingly, the Court will grant the debtor thirty days in which to request a modification of his Chapter XIII plan to include the debt to the plaintiffs in his Chapter XIII plan.

An appropriate Order will enter.

---

1. The debtor filed his petition prior to the October 1, 1979 effective date of the Bankruptcy Reform Act, the current Title 11 of the United States Code. Accordingly, this case continues

to be governed by the former Bankruptcy Act of 1898. (Act of November 6, 1978, PL 95–598, Title IV § 403(a), 92 Stat. 2683.)